## DRAINAGE CONSTRUCTION CO. *v.* CITY OF CHELSEA.

*(Circuit Court, D. Massachusetts.  January 8, 1890.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—IMPLIED LICENSE.
   In a suit for the infringement of letters patent No. 278,839, issued June 5, 1883, to George E. Waring, Jr., for improvements in sewering and draining towns, it appeared that defendant had paid a royalty on the flush tanks used, and that, before it put in its system of sewers, plaintiff had notified defendant, in response to a question, that he claimed a royalty of 10 cents per foot.  *Held* that, defendant having acted under an implied license, a bill for injunction and accounting would not lie; the proper remedy being an action at law for recovery of the royalty.

In Equity.  Bill for injunction and accounting.
*Benj. F. Thurston* and *George O. G. Coale*, for complainant.
*Chauncey Smith*, for defendant.

COLT, J.  Suit is here brought upon letters patent No. 278,839, issued June 5, 1883, to George E. Waring, Jr., assignor to the plaintiff, for improvements in sewering and draining towns.  In the autumn of 1883 the defendant built a system of sewers in what is called the "Prattville District" of that city.  Previous to this, William E. McClintock, the city engineer, had a correspondence with Col. Waring, who represents the plaintiff corporation, respecting certain features of the Waring system, and particularly the Field flush tank, which is used in that system.  In his letter of July 31, 1883, McClintock says:

"I understand that there is a royalty of $10 on each flush tank; and I got the idea from some of your writings that there is a royalty of one cent a foot

on the system of sewers that used these flush tanks to keep it clean. We don't wish to infringe on any one's rights, and would like to know just what your claims are, that they can be answered before we proceed."

On August 4th, in reply to this, Waring writes: "You have got Rogers Field's royalty right, but Drainage Construction Company has a royalty of ten (not one) cents per foot." It should be remembered that the patent in suit is for a system of sewers constructed so as to exclude storm water, in combination with automatic flush tanks. As a result of this correspondence, the defendant, through its engineer, ordered eight flush tanks, which were duly shipped by the plaintiff. The defendant paid for these flush tanks the sum of $211.36, including $80 for royalty. Under these circumstances, I do not see how any injunction can issue against the use by the defendant of these tanks. In view of the whole correspondence between these parties, it seems to me that this is their true position: So far as the defendant has used the sewerage system covered by the Waring patent in suit, it should pay the license fees as outlined in Waring's letter of August 4th. In other words, I think the facts in this case disclose an implied license. This is evidently Waring's understanding of the situation; for he states that he expected to receive a royalty for sewers from the defendant, and that he supposed this suit was brought against the city for such royalty. I do not think the evidence in this case warrants the bringing of a bill in equity for an injunction and account. If the plaintiff has a claim, it lies in the direction of an action at law for royalties upon an implied license. Bill dismissed.